IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILTON LUSTER,<br>       Plaintiff | )<br>)<br>) |
| V. | )  No. 08-C-843<br>)  Judge Matthew Kennelly |
| ILLINOIS DEPARTMENT OF<br>CORRECTIONS<br>       Defendant. | )<br>)  Jury Demand<br>) |

### RESPONSE TO STATE'S MOTION TO TRANSFER VENUE

    Now Comes Complainant, MILTON LUSTER, by and through his attorneys, the Law Office of David E. Neely & Associates, and files this complaint of discrimination based upon race discrimination, sex discrimination, retaliation and constructive discharge and wrongful discharge against Dwight Correctional Center and The Illinois Department of Corrections, and states:

### ANALYSIS

    This matter is before the Court on Defendant's Motion For Transfer of Venue Pursuant To 28 U.S.C. § 1404(a) .Plaintiff objects to the motion to Transfer Venue Pursuant to Title VII's exclusive venue provision. This case should not be transferred to the Central District of Illinois because defendant operates a facility in Chicago. Keeping this case in the Northern District of Illinois will serve the interests of justice because residents of the Northern District of Illinois have an interest in ensuring that their State officials adhere to anti-discrimination statutes and the state has adequate legal representation in Chicago.

    Change of venue in this case is not controlled by 28 U.S.C. § 1404(a), but rather the Court must look to Title VII's venue provision, 42 U.S.C. § 2000e-16(d) (providing that "provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern" employment discrimination actions) (emphasis added); Gwin v. Reynolds & Reynolds Co., No. 01-C-770, 2001 U.S. Dist. LEXIS 9520, 2001 WL 775969, at *1 (N.D. Ill. July 10, 2001) ("Title VII has its own venue provision, 42 U.S.C. 2000e-5(f)(3). Section 5(f)(3) is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions") (citations omitted); Cooley v. Levi Strauss & Co., No. 95-C-5025, 1995 U.S. Dist. LEXIS 17203, 1995 WL 683494, *1 (N.D. Ill. Nov. 15, 1995) ("Title VII of the Civil Rights Act of 1964 contains its own venue provision, § 2000e-5(f)(3), which is more restrictive than 28 U.S.C. § 1391, the general

federal venue provision. Courts have determined that § 5(f)(3) is the exclusive venue provision for Title VII actions and is not simply a supplement to § 1391") (citations omitted); Rochlin v. Cincinnati Ins. Co., No. IP00189C H/K, 2006 U.S. Dist. LEXIS 16820, 2005 WL 1025776, at *2 (S.D. Ind. April 7, 2005) (providing that the Title VII venue provision is narrower than the more general federal venue provision); Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586 (9th Cir. 1991), cert. denied, 505 U.S. 1225, 112 S. Ct. 3044, 120 L. Ed. 2d 911 (1992) (holding that, in a Title VII action, the venue provision of Title VII controls venue, not general federal venue statute); Bolar v. Frank, 938 F.2d 377, 378 (2d Cir. 1991) (holding that application of the Title VII venue provisions is required and controls the question of venue).

Section 2000e-5(f)(3) provides, in its entirety:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which [1] the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, [4] such an action may be brought within the judicial district in which the respondent has his principal office.

For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought. However, under 42 U.S.C. § 2000e-5(f)(3). "A plaintiff need satisfy only one of the Title VII venue provisions for the court to exercise jurisdiction." Gwin, 2001 U.S. Dist. LEXIS 9520, 2001 WL 775969, at *1.

In this case, the Northern District of Illinois constitutes a proper venue because the Illinois Department of Corrections maintains one of its principle places of businesses here in Chicago to wit:

Business Mail:
136 North Western Avenue
P.O. Box 120212
Chicago, Il 60612
Phone: (312) 633-5219

Under Title VII's exclusive venue provisions, a plaintiff's place of residence is irrelevant. See Cooley, 1995 U.S. Dist. LEXIS 17203, 1995 WL 683494, at *1 (finding that venue was not proper in Illinois, where plaintiff resided, but was proper in Texas where the alleged unlawful employment practice had occurred and where plaintiff's records were maintained); de Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 269 (D. N.J. 2001) ("Although the Court appreciates

that plaintiff is a citizen of New Jersey, this alone does not give him the opportunity to bring a Title VII lawsuit in New Jersey"). Because Title VII's exclusive provision dictates that this case belongs in the Northern District of Illinois and not in the Central District, this Court must find that it is in the interest of Justice to deny the State's motion to transfer.

    Wherefore, for all the reasons stated herein, Plaintiff moves for an Order in his favor denying the State's motion to transfer venue and for all other just and proper relief.

s/David E. Neely

David E. Neely & ASSOCIATES P.C.
8401 So. Luella
Chicago, Il. 60617
(312) 315-8241
deneely1@prodigy.net
