UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILTON LUSTER, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 08 C 843 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | Hon. Matthew F. Kennelly |
| CORRECTIONS, | ) | Judge Presiding |
| | ) | |
|     Defendant. | ) | Magistrate Judge Mason |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

NOW COMES Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC"), by and through its attorney, LISA MADIGAN, Attorney General of Illinois, and for its Reply in support of its Motion to Transfer Venue to the United States District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1404(a), states as follows:

**I.   ARGUMENT**

In his Complaint Plaintiff alleges acts of wrongdoing at the Dwight Correctional Center and references various conduct by seventeen employees of Defendant IDOC. IDOC moves this Honorable Court for the transfer of this case to the Central District because all of the evidence, the Plaintiff, and all but one of the available witnesses are located in the Central District.

In Response to IDOC's motion, Plaintiff argues that Title VII's venue provisions, 42 USC 2000e-5(f)(3), mandate that this action should remain in the Northern District of

Illinois. Indeed, just the opposite is true, and reliance upon 42 USC 2000e-5(f)(3) only strengthens IDOC's core argument that the Central District of Illinois is a more appropriate venue than the Northern District. Plaintiff misapprehends both the arguments raised in IDOC's motion as well as Section 2000e-5(f)-(3), itself. While IDOC acknowledges Plaintiff's action may be brought in the Northern District, IDOC notes that Plaintiff fails to raise facts or relevant law to counter IDOC's arguments that transfer to the Central District better serves both the public and private interests raised in the original Motion. IDOC therefore respectfully requests that its motion be granted.

Plaintiff correctly transcribes the relevant language of 2000e-5(f)(3), however, that is where all accuracy on Plaintiff's part ends. As cited in IDOC's Motion to Transfer Venue, and repeated in Plaintiff's Response, 42 USC 2000e-5(f)(3) provides:

> (f)(3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought *in any judicial district in the State in which the unlawful employment practice is alleged to have been committed*, *in the judicial district in which the employment records relevant to such practice are maintained and administered*, or *in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice*, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought. [Emphasis added.]

Nonetheless, Plaintiff ignores the three primary factors set forth by Section 2000e-5(f)(3) in his venue determination. It is clear from Plaintiff's Complaint that the "unlawful employment practice [which] is alleged to have been committed" occurred at

the Dwight Correctional Center located in the Central District of Illinois. "Employment records relevant to such [alleged unlawful] practice are maintained and administered" at IDOC facilities located in Dwight, Pontiac and Springfield; all of which are located within the Central District of Illinois. *See* Affidavit of Michelle Clark, para. 9, attached as Exhibit B to Defendant's previously filed Motion to Transfer Venue. Interestingly, Plaintiff neither addresses this fact let alone any of the sworn statements raised by affidavit nor the 'relevant records' factor, itself, raised by Section 2000e-5(f)(3). Finally, it is clear from Count IV of the Complaint, paras. 106 - 117, that Plaintiff is alleging constructive discharge from his prior place of work at the Dwight Correctional Center in Dwight, Illinois. Therefore, the "judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice" is, yet again, within the Central District of Illinois.

  As detailed above, in the instant action, when all three factors are assessed it is the Central District of Illinois, and not the Northern District, that results every time. It is clear from Plaintiff's Complaint, Defendant's Motion to Transfer Venue, and the affidavit attached thereto that IDOC *is* found within the Central District of Illinois. Indeed, the core basis for IDOC's Motion is that 15 out of the 17 individuals referenced in Plaintiff's Complaint still work in IDOC facilities in Livingston and Sangamon Counties within the Central District of Illinois. *See* Affidavit of Michelle Clark, paras. 4-6, attached as Exhibit B to Defendant's previously filed Motion to Transfer Venue. Nevertheless, Plaintiff jumps straight to the fourth *alternative* factor, and states:

> "[T]he Northern District of Illinois constitutes a proper venue because the Illinois Department of Corrections maintains *one of* its principle [sic] places of business here in

>Chicago to wit: Business Mail: 136 North Western Avenue P.O. Box 120212 Chicago Il [sic] 60612 ... "

Pl.'s Response Brief, Page 2. [Emphasis added.]

Curiously, Plaintiff again departs from the plain language of the statute through his determination that "one of its principle [sic] places of business" is the same as its "principal office."

Furthermore, Plaintiff's discussion of the "principal office" factor - the one Section 2000e-5(f)(3) factor he chooses to address - is factually incorrect in two significant ways. First, IDOC's principal office is located at 1301 Concordia Court in Springfield, Illinois, which of course is within the Central District of Illinois. *See* Affidavit of Edward W. Huntley, para. 4, attached hereto as Exhibit A. While IDOC satellite offices exist around the state, the majority of managers' and administrators' offices are located at 1301 Concordia Court, in Springfield. *See* Affidavit of Edward W. Huntley, para. 4, attached hereto as Exhibit A. Second, the facility located at 136 North Western Avenue in Chicago, Illinois; cited on page 2 of Plaintiff's Response, is not even an IDOC facility let alone its principal office. 136 North Western is the 'Illinois Youth Center - Chicago,' and it is part of the Illinois Department of Juvenile Justice. *See* Affidavit of Edward W. Huntley, para. 5, attached hereto as Exhibit A. The Illinois Department of Juvenile Justice has been a separate state agency from the IDOC since July 1, 2006. *See* Affidavit of Edward W. Huntley, para. 5, attached hereto as Exhibit A. Therefore Plaintiff's inclusion of 'Illinois Youth Center - Chicago's' address is evidence of nothing more than haphazard research and slapdash draftsmanship.

## II. <u>CONCLUSION</u>

For the above reasons, Plaintiff's Response in no way persuades this Court to maintain this action the Northern District of Illinois. The Response is both legally and factually inaccurate. The Central District arguably has just as much of an interest in adjudicating Title VII claims as this district. Indeed, nearly all individuals mentioned in Plaintiff's Complaint and the Plaintiff, himself, reside or work in Livingston County within the Central District of Illinois. All employment records relating to this action are located within the Central District. As far as IDOC can tell, the foremost connection Plaintiff has to the Northern District is the location of his attorney's office. That simply is not a factor for consideration in a motion to transfer venue.

WHEREFORE, for the foregoing reasons together with the statutory authority, case law and rationale articulated in its original Motion, Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, prays this Honorable Court grant its Motion to Transfer Venue and transfer this action to the U.S. District Court for the Central District of Illinois, Peoria Division, and for such other relief as this Court deems just and proper.

Respectfully Submitted,

LISA MADIGAN  
Attorney General of Illinois

BY:  /s/ Joshua G. Rodin  
JOSHUA G. RODIN  
MARY M. MADDEN  
Assistant Attorneys General  
100 W. Randolph St., 13th Fl.  
Chicago, Illinois 60601  
(312) 814-6131  
(312) 814-7201