## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 843 | **DATE** | 4/29/2008 |
| **CASE TITLE** | Luster vs. Illinois Dept. of Corrections | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendant's motion to transfer venue [docket no. 8]. The Clerk is directed to transmit the records and files of this case to the Central District of Illinois, Peoria Division.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Milton Luster, a correctional officer formerly employed at Dwight Correctional Center, has sued the Illinois Department of Corrections under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, alleging that he was terminated from his employment because of and in retaliation for making claims of race and gender discrimination. The IDOC has moved to transfer the case to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court grants the IDOC's motion.

Under section 1404(a), a court may transfer an action to any other district where it might have been brought, for the convenience of parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a). The party seeking transfer must show that the proposed transferee district is "clearly more convenient" than the one the plaintiff chose. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Conversely, transfer is inappropriate if all it would do is shift the burden of inconvenience from one side of the case to the other. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

In evaluating the convenience of the parties and witnesses, the court considers the plaintiff's choice of forum, where the material events occurred, the relative ease of access to evidence in the competing forums, the convenience of witnesses, and the convenience of the parties in litigating in the respective forums. *See, e.g., Millennium Products, Inc. v. Gravity Boarding Co.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000).

The plaintiff's choice of a forum is ordinarily entitled to significant weight, *see Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982), but that weight is diminished when the action has little or no significant connection with the forum the plaintiff chose. *See, e.g., Federated Dept. Stores, Inc. v. U.S. Bank Natl. Assn.*, No. 00 C 6169, 2001 WL 503039, *2 (N.D. Ill. May 11, 2001); *Houck v. Trans World Airlines, Inc.*, 947 F. Supp. 373, 375-76 (N.D. Ill. 1996). In this case, there is little connection between the action and this

**STATEMENT**

District. All of the material events underlying plaintiff's suit are claimed to have occurred at the Dwight Correctional Center, which is in the Central District. Though, as Luster points out, the IDOC has offices and/or facilities in Chicago and its attorneys are located here, that has nothing to do with whether the action has a significant connection with the district in which the plaintiff filed suit.

In his complaint, Luster identifies as relevant to his case conduct by seventeen IDOC employees. Of these, fifteen currently work at IDOC facilities in the Central District (Pontiac and Dwight Correctional Centers and the IDOC's office in Springfield); one is out of state; and one is employed at an IDOC facility in Cook County. Luster himself lives in Livingston County, which is in the Central District, and he has identified no witnesses who live in the Northern District. Because the IDOC has shown there is a good chance that each of the non-party witnesses referenced earlier will be called upon to testify, the "convenience of witnesses" factor tilts rather heavily in favor of transfer.

The factor of convenience of the parties is essentially a wash. Both Luster and the IDOC are currently represented by lawyers located in Chicago. There is a good chance, however, that were the case to be transferred the IDOC would end up with a Central District-based attorney handling the case. And though the Court cannot rule out the possibility that, in an appropriate case, the location of the attorney the plaintiff has chosen might be a significant factor in the determination whether to transfer, Luster has made no showing in this case of any special or unusual circumstances that would make his lawyer's location a significant factor in the analysis.

In assessing the interests of justice, the court considers such concerns as "ensuring speedy trials, trying related litigation together and having a judge familiar with the applicable law try the case." *Heller Financial*, 883 F.2d at 1293. Those factors do not tilt either way in this case. But, as the IDOC notes, the public has a legitimate interest in ensuring that a controversy that arose in a particular locality be resolved in that locality. *See, e.g., Anchor Wall Systems, Inc. v. R&D Concrete Prods., Inc.*, 55 F. Supp. 2d 871, 875 (N.D. Ill. 1999). In this case, the parties' dispute is centered at Dwight Correctional Center, which is in the Central District, making it desirable – all else being equal – to have the case determined in that district.

For these reasons, the Court concludes that the proposed transferee district, the Central District of Illinois, is clearly more convenient than this district. The Court therefore grants defendant's motion to transfer venue.